UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

IN RE:                              ) CASE # 1:08-bk-12290
                                    )
JUNIOR PHILPOT                      ) CHAPTER  7
                                    )
        Debtor(s).                  )
                                    ) **MOTION FOR PAYMENT OF**
                                    ) **UNCLAIMED FUNDS**
                                    )
                                    )
                                    )

FILED 2010 NOV 15 PM 12:51
KENNETH JORDAN
CLERK OF COURT
U.S. BANKRUPTCY COURT
CINCINNATI, OHIO

Comes now the undersigned, to move the Court to enter an order directing payment of unclaimed funds, now on deposit in the Registry of the United States Bankruptcy Court. Claimant is a creditor in the above captioned bankruptcy case on whose behalf funds were deposited. I have a right to claim said funds due to the following: Pentech Financial Services, Inc. is an unsecured creditor of the above referenced debtor. Pentech Financial Services, Inc. filed a proof of claim (#2) as an unsecured creditor on May 12, 2008, in the amount of $37,509.12.

Name of Claimant: Pentech Financial Services, Inc.
Mailing Address:   240 E. Hacienda Avenue, Suite 100,
                   Campbell, CA  95008.
Telephone:(408) 879-2200
Federal Tax ID Number: 68-0072175
Amount of Claim: 37,509.12

//

MOTION FOR PAYMENT OF UNCLAIMED FUNDS

1   Claimant certifies under penalty of perjury that all statements made by
2   Claimant on this motion and any attachments required for this Motion is, to
3   the best of Claimant's knowledge, true and correct. Accordingly, Claimant
4   requests the Court to enter an Order authorizing payment of the dividend due
5   upon this claim.

6
7                                           PENTECH FINANCIAL SERVICES, INC.
8
9   Dated: 11/2/10
10
11                                          Robert E. Amos,
                                            General Counsel
12                                          Pentech Financial Services
13
14
15
16
17
18
19
20
21
22
23
24
25

MOTION FOR PAYMENT OF UNCLAIMED FUNDS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

In Re: ) Case No.: 1:08-bk-12290
)
JUNIOR PHILPOT )
) Chapter 7
Debtor. )
) **NOTICE OF MOTION**
)

Pentech Financial Services, Inc. has filed papers with the United States Bankruptcy Court for the Southern District of Ohio to obtain PAYMENT OF UNCLAIMED FUNDS.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to (address of bankruptcy court clerk's office) OR your attorney must file a response using the court's ECF System.

DATED: 11/12/2010

_Robert E. Amos_
Robert E. Amos
General Counsel for Pentech Financial Services, Inc.

NOTICE OF MOTION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re | ) | Case No. 1:08-bk-12290 |
| | ) | |
| JUNIOR PHILPOT | ) | Chapter No. 7 |
| | ) | |
| | ) | Application for Unclaimed Dividends |
| Debtor(s) | ) | and Certificate of Service |
| | ) | |

I am applying for funds in the amount of $ 2,146.58 which have been paid into the court by the trustee in this case for the following creditor.

Name PENTECH FINANCIAL SERVICES, INC.

Address 240 E. Hacienda Ave., Suite 100, Campbell, CA 95008

Last four digits of SS# or Tax ID# 68-0072175

Please check the appropriate box.

___ I am the creditor named above.

___ I hold an ownership interest of _____% in the creditor and my ownership interest is that of _____ (e.g. sole proprietorship, partner, stockholder). I have authority from any and all other parties holding an ownership interest in the creditor to collect funds on behalf of the creditor.

X I am an employee of the creditor named above and my title is General Counsel.
I am authorized by the creditor to file this application and have attached an authorization to collect on behalf of the creditor because I am not an officer of the company or corporation.

___ I am the legal representative for the creditor named above. I have a attached an original, notarized power of attorney which includes the case number, case name, chapter number, dollar amount of claim and the typed name, title (if applicable), address and phone number of the person who signed the power of attorney. An **original** business card is attached if the claimant is employed by the creditor. Also, an authorization to collect on behalf of the creditor is attached if the claimant is not an officer of the company or corporation.

___ I am a successor in interest, or its legal representative (legal representatives must attach a power of attorney as described above) and I have attached documentation which establishes my right to make this claim. Please provide a brief history of the creditor named above and attach documents that clearly establish that the unclaimed funds are included in any sale, merger, transfer or acquisition.

___ I am the heir/legal representative of the creditor who is deceased. I have attached a certified copy of the death certificate and other appropriate documents that support my right to act on behalf of the decedent's estate.

___ None of the above apply. I have attached documents that show that I am entitled to the unclaimed funds because:


I have no knowledge that any other party may be entitled to these funds and I am not aware of any dispute regarding these funds.

On _Nov. 12, 2010_, I mailed a copy of this application to the U.S. Attorney for ~~the~~ _Cincinnate, Ohio_
of

I understand that pursuant to 18 U.S.C. section 152, I will be fined not more than $5,000.00, or imprisoned not more than five years, or both if I knowingly and fraudulently made any false statements in this document.

*I certify, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.*

_____
Signature of Creditor/Claimant

240 E. Hacienda Ave., Suite 100
Campbell, CA 95008
_____
Address of Creditor/Claimant

ROBERT E. AMOS
_____
Typed or Printed Name

(408) 879-2200
_____
Telephone Number of Creditor/Claimant

11/12/10
_____
Date

roberte@pentechfinancial.com
_____
E-mail Address of Creditor/Claimant

NOTARY

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

In Re:  )
JUNIOR PHILPOT  )   Case No. 1:08-bk-12290
  )
  )   Chapter No. 7
  )
  )
Debtor  )   **ORDER TO PAY UNCLAIMED FUNDS**
  )

It appearing that the check(s) made payable to

PENTECH FINANCIAL SERVICES, INC.                                                    in the total amount

of $2,146.58                     was not cashed within the 90 day limit and an unclaimed money report was

entered on 10/13/2010                    to close the account and transfer the monies to the Clerk, U. S.

Bankruptcy Court, for deposit with the U.S. Treasury or the designated local depository, and

It further appearing that PENTECH FINANCIAL SERVICES, INC. is now claiming the above

monies in the application attached hereto.

IT IS ORDERED that the Clerk of the Bankruptcy Court pay said sum of $2,146.58           to the

order of PENTECH FINANCIAL SERVICES, INC.

and mail to 240 E. Hacienda Ave., Suite 100,
Campbell, CA 95008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Payment of Unclaimed Funds, was served by first class mail, postage prepaid, this 11th day of November, 2010 upon the following:

Eric W Goering   (Trustee)
220 West Third Street
Suite 399
Cincinnati, OH 45202

James S Arnold  (Debtors Attorney)
9737 Loveland Maderia Road
Cincinnati, OH 45140

Junior Philpot  (Debtor)
4130 Mount Carmel Tobasco Road
Cincinnati, OH 45255

U. S Attorney's Office
221 E. Fourth Street
Suite 400
Cincinnati, Ohio 45202

United States Trustee
Frank M. Pees
130 E. Wilson Bridge Road, #200
Worthington, OH 43085



Robert E. Amos, Esq.
General Counsel
Pentech Financial Services, Inc.
240 E. Hacienda Avenue
Suite 100
Campbell, CA 95008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. **08-12290-JVA** |
| | § | |
| **PHILPOT, JUNIOR** | § | Chapter **7** |
| | § | |
| | § | Judge: **AUG** |
| Debtor(s). | § | |

**NOTICE TO THE CLERK OF UNCLAIMED DIVIDENDS**

**TO THE CLERK OF THE COURT:**

The attached check in the amount of $2,146.58 represents the total sum of unclaimed dividends in this estate and is paid to the court pursuant to 11 U.S.C. Sec. 347(a) and FRBP 3010. The name(s) and addresses of the parties entitled to those unclaimed dividends are as follows:

| **Creditor Name and Address** | **Claim No.** | **Amount of Dividend** |
|---|---|---|
| Pentech Financial Services<br>910 East Hamilton Ave<br>Suite 400<br>Campbell, CA 95008 | 000002 | 2,146.58 |

Dated: 10/13/10

/s/ Eric W. Goering
Eric W. Goering

cc:    U.S. Trustee

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT   Southern District of Ohio | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Junior Philpot

**Case Number:** 1:08-bk-12290

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Pentech Financial Services Inc.

**Name and address where notices should be sent:**
Pentech Financial Services Inc.
910 East HamiltonAve., Suite 400
Campbell CA 95008

**Telephone number:** (408) 879-2213

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

**Filed on:** _____

**Name and address where payment should be sent (if different from above):**
Pentech Financial Services Inc.
222 SW Columbia Street, Suite 1000
Potland OR 97201

**Telephone number:** (866) 874-4835

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 37,509.12

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** lease agreement
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 2694

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**
**Value of Property:** $ _____    **Annual Interest Rate** ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____    **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____    **Amount Unsecured:** $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**FOR COURT USE ONLY**

**Date:** 05/08/2008

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Tracy Henry*   Tracy Henry   Loss Mitigation Mgr.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Go to www.ilcb.uscourts.gov for this Court's **Mandatory** Electronic Case Filing Policy.



# EQUIPMENT LEASE AGREEMENT   Agreement Number: 25269-4                           Federal Tax ID # _____

This document was written in "Plain English". The words YOU and YOUR refer to the customer. The words WE, US and OUR refer to the Lessor. Every attempt has been made to eliminate confusing language and create a simple, easy-to-read document.

## CUSTOMER INFORMATION

| FULL LEGAL NAME OF CUSTOMER | | D/B/A | JR'S TREES | |
|---|---|---|---|---|
| JUNIOR H. PHILPOT, INDIVIDUAL | | | | |
| STREET ADDRESS | CITY | STATE | ZIP | PHONE |
| 4130 MOUNT CARMEL TOBASCO ROAD | CINCINNATI | OH | 45255 | 513-528-2907 |

BILLING NAME (IF DIFFERENT FROM ABOVE)      BILLING STREET ADDRESS

CITY      STATE      ZIP      PHONE

EQUIPMENT LOCATION (IF DIFFERENT FROM ABOVE)

## SUPPLIER INFORMATION

| NAME OF SUPPLIER | STREET ADDRESS |
|---|---|
| VERMEER OF SOUTHERN OHIO, INC. | 2574 US ROUTE 22 N.W. |

| CITY | STATE | ZIP | PHONE |
|---|---|---|---|
| WASHINGTON COURTHOUSE | OH | 43160 | 740-335-8571 |

| QUANTITY | ITEM DESCRIPTION | MODEL NO. | SERIAL |
|---|---|---|---|
| 1 | VERMEER BC 1000 BRUSH CHIPPER | | |

| RENTAL TERMS | ADVANCE PAYMENT AMOUNT | RENTAL PAYMENT AMOUNT | SECURITY DEPOSIT |
|---|---|---|---|
| Term in months 60 (MOS) | $2,326.72 | SEE ATTACHED SCHEDULE "B" | $0.00 Received |
| Commencement Date: 08-01-06 | ☒ 1st and Last Months' Payments | Rental Payment Period is Monthly | |
| | ☐ 1st Months Payment | Unless Otherwise Indicated | |
| | ☐ Other _____ | | |

**END OF LEASE:** At the end of the original term, provided the lease has not terminated early and no event of default under the lease has occurred and is continuing, you agree to purchase the equipment for $1.00.
**THE EQUIPMENT SHALL BE SOLD ON AN AS-IS, WHERE-IS BASIS.**

**THIS IS A NONCANCELABLE/IRREVOCABLE LEASE, THIS LEASE CANNOT BE CANCELLED OR TERMINATED.**

**TERMS AND CONDITIONS** (THIS LEASE AGREEMENT CONTAINS PROVISIONS SET FORTH ON THE REVERSE SIDE, ALL OF WHICH ARE MADE PART OF THIS LEASE AGREEMENT)
1. LEASE AGREEMENT: You agree to lease from us the personal property described under "ITEM DESCRIPTION" and as modified by supplements to this Master Agreement   (Continued on back)

**LESSOR ACCEPTANCE**
Date: 8-1-06
LESSOR: ████████
SIGNATURE: ████████
TITLE: President

**CUSTOMER ACCEPTANCE**
Date: (X) 7/24/06
CUSTOMER: JUNIOR H. PHILPOT, INDIVIDUAL, DBA JR'S TREES
SIGNATURE: (X) /s/ Junior Philpot
NAME: JUNIOR H. PHILPOT      TITLE: OWNER

## ACCEPTANCE OF DELIVERY

You certify that all the equipment listed above has been furnished, that delivery and installation has been fully completed and satisfactory. Further, all conditions and terms of this agreement have been reviewed and acknowledged. Upon your signing below, your promises herein will be irrevocable and unconditional in all respects. You understand and agree that we have purchased the equipment from the supplier, and you may contact the above supplier for your warranty rights, if any, which we transfer to you for the term of this lease. Your approval as indicated below of our purchase of the equipment from supplier is a condition precedent to effectiveness of this lease.

(X) 7/24/06
Date of Delivery

Junior H. Philpot, Individual, dba JR's Trees
Customer

Junior H. Philpot                    Owner
Name                                  Title

Signature: (X) /s/ Junior Philpot

## GUARANTY

As additional inducement for us to enter into the Agreement, the undersigned ("you"), jointly and severally, unconditionally personally guarantees that the customer will make all payments and meet all obligations required under this Agreement and any supplements fully and promptly. You agree that we may make other arrangements including compromise or settlement with the customer and you waive all defenses and notice of those changes and will remain responsible for the payment and obligations of this Agreement. We do not have to notify you if the customer is in default. If the customer defaults, you will immediately pay in accordance with the default provision of the Agreement all sums due under the terms of the Agreement and will perform all the obligations of the Agreement. If it is necessary for us to proceed legally to enforce this guaranty, you expressly consent to the jurisdiction of the court set out in paragraph 15 and agree to pay all costs, including attorney's fees incurred in enforcement of this guaranty. It is not necessary for us to proceed first against the customer or the Equipment before enforcing this guaranty. By signing this guaranty, you authorize us to obtain credit bureau reports for credit and collection purposes.

(X) /s/ Junior Philpot      Junior H. Philpot                (X) 7/24/06
Signature                    Print Name of Guarantor          Date

from time to time signed by you and us (such property and any upgrades, replacements, and additions referred to as "Equipment") for business purposes only. You agree to all of the terms and conditions contained in this Agreement and any supplement, which together are a complete statement of our Agreement regarding the listed equipment ("Agreement") and supersedes any purchase order or outstanding invoice. This Agreement may be modified only by written agreement and not by course of performance. This Agreement becomes valid upon execution by us and will begin on the rent commencement date shown and will continue from the first day of the following month for the number of consecutive months shown. You also agree to pay to Lessor interim rent. Interim rent shall be in an amount equal to 1/30th of the monthly rental, multiplied by the number of days between the rent commencement date and the first payment due date. If any provision of this Agreement is declared unenforceable in any jurisdiction, the other provisions herein shall remain in full force and effect in that jurisdiction and all others. THE BASE RENTAL PAYMENT SHALL BE ADJUSTED PROPORTIONALLY UPWARD OR DOWNWARD TO COMPLY WITH THE TAX LAWS OF THE STATE IN WHICH THE EQUIPMENT IS LOCATED. Equipment located in various states is subject to sales tax laws which require that tax be paid up front. You authorize us to advance tax and increase your monthly payment by an amount equal to the current tax percentage applied to the monthly rental shown above.

2. RENT: Rent will be payable in installments, each in the amount of the basic lease payment shown plus any applicable sales tax, use tax, plus 1/12th of the amount estimated by us to be personal property tax on the Equipment for each year of this Agreement. We will have the right to apply all sums, received from you, to any amounts due and owed to us under the terms of this Agreement. In the event this Agreement is not commenced, the security deposit, if any, will be retained by us to compensate us for our documentation, processing and other expenses. If for any reason, your check is returned for nonpayment, a $20.00 bad check charge will be assessed.

3. COMPUTER SOFTWARE: Not withstanding any other terms and conditions of the Agreement, you agree that as to software only: a) We have not had, do not have, nor will have any title to such software, b) You have executed or will execute a separate software license agreement and we are not a party to and have no responsibilities whatsoever in regards to such license agreement, c) You have selected such software and as per Agreement paragraph 5, WE MAKE NO WARRANTIES OF MERCHANTABILITY, DATA ACCURACY, YEAR 2000 COMPLIANCE, SYSTEM INTEGRATION OR FITNESS FOR USE AND TAKE ABSOLUTELY NO RESPONSIBILITY FOR THE FUNCTION OR DEFECTIVE NATURE OF SUCH SOFTWARE.

4. OWNERSHIP OF EQUIPMENT: We are the owner of the Equipment and have sole title to the Equipment (excluding software). You agree to keep the equipment free and clear of all liens and claims.

5. WARRANTY DISCLAIMER: WE MAKE NO WARRANTY, EXPRESS OR IMPLIED, THAT THE EQUIPMENT IS FIT FOR A PARTICULAR PURPOSE OR THAT THE EQUIPMENT IS MERCHANTABLE. YOU AGREE THAT YOU HAVE SELECTED THE SUPPLIER AND EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US OR ANY SUPPLIER. WE DO NOT TAKE RESPONSIBILITY FOR THE INSTALLATION OR PERFORMANCE OF THE EQUIPMENT. THE SUPPLIER IS NOT AN AGENT OF OURS AND NOTHING THE SUPPLIER STATES CAN AFFECT YOUR OBLIGATION UNDER THE LEASE. WE HAVE NO RESPONSIBILITY FOR ANY MAINTENANCE OR SUPPORT TO BE SUPPLIED BY SUPPLIER. YOU WILL CONTINUE TO MAKE ALL PAYMENTS UNDER THIS AGREEMENT REGARDLESS OF ANY CLAIM OR COMPLAINT OF NONPERFORMANCE AGAINST SUPPLIER.

6. LOCATION OF EQUIPMENT: You will keep and use the Equipment only at your address shown above and you agree not to move it unless we agree to it. At the end of the Agreement's term, you will return the Equipment to a location we specify at your expense, in retail resalable condition, full working order, and in complete repair.

7. LOSS OR DAMAGE: You are responsible for the risk of loss or for any destruction of or damage to the Equipment. No such loss or damage relieves you from the payment obligations under this Agreement. You agree to promptly notify us in writing of any loss or damage and you will then pay to us the total of all unpaid lease payments for the full lease term plus the estimated fair market value of the Equipment at the end of the originally scheduled term, all discounted at six percent (6%) per year. Any proceeds of insurance will be paid to us and credited, at our option, against any loss or damage.

8. INSURANCE: YOU AGREE to keep the equipment fully insured against loss in an amount not less than the replacement cost of the Equipment until this Agreement is terminated. Said replacement cost policy shall name us as the sole loss payee. You must also obtain a comprehensive public liability insurance policy from a carrier acceptable to us of at least $100,000/$300,000 bodily injury and $50,000 property damage for the term of this Agreement. Said comprehensive public liability insurance policy shall name us as an additional insured. YOU AGREE to provide proof of insurance satisfactory to us no later than thirty (30) days following the commencement of this Agreement. During the term of this Agreement, proof of your compliance with this paragraph shall be provided to us upon written request. YOU AGREE that, if you fail to obtain and maintain insurance satisfactory to us and/or you fail to provide proof of such insurance to us within thirty (30) days of the commencement of the Agreement or within thirty (30) days of the date of any written request to you for proof of insurance satisfactory to us, we have the right, but not the obligation, to secure insurance on the Equipment from a carrier of our choosing in such forms and amounts as we deem reasonable to protect our interests. YOU AGREE that, if we place insurance on the Equipment, said insurance will not name you as an insured and may not fully protect your interests. YOU AGREE that, if we secure insurance on the Equipment, you will pay us an Insurance Charge that will include a premium, which may be substantially higher than the premium that you would pay if you placed said insurance independently. YOU AGREE that, in addition to the premium, the Insurance Charge you pay to us will include an interest charge, and administrative and processing fees, which will result in profit to us and our agents. YOU AGREE to arbitrate any dispute regarding such Insurance Charges under the rules of the American Arbitration Association in San Diego County, CA. This agreement to arbitrate applies to Insurance Charges only and not to any other term of this Agreement.

9. INDEMNITY: We are not responsible for any loss or injuries caused by the installation or use of the Equipment. You agree to hold us harmless and reimburse us for loss and to defend us against any claim for losses or injury caused by the Equipment.

10. TAXES AND FEES: You agree to pay when due all taxes (including personal property tax, fines and penalties) and fees relating to this Agreement or the Equipment. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us up to $100.00 on the date the first lease payment is due to cover the expense of originating the Agreement.

11. ASSIGNMENT: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT. You understand that we, without prior notice, have the right to assign this Agreement to a financing source for financing purposes without your consent to such assignment. You understand that our assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

12. DEFAULT AND REMEDIES: If you do not pay any lease payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default. If any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may retain your security deposit, if any, and at our option, we can terminate or cancel this Agreement and require that you pay (1) the unpaid balance of this Agreement (discounted at 6%); (2) the amount of any purchase option and if none is specified, 20% of the original equipment cost which represents our anticipated residual value in the equipment; (3) and return the equipment to us to a location designated by us. We may recover interest on any unpaid balance at the rate of 8% per annum. We may also use any of the remedies available to us under Article 2A of the Uniform Commercial Code as enacted in the State of California or any other law. If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorney's fees and actual court costs. If we have to take possession of the equipment, you agree to pay the cost of repossession. The net proceeds of the sale of any repossessed Equipment will be credited against what you owe us under this Agreement. YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. It is further agreed that your rights and remedies are governed exclusively by this Agreement and you waive lessee's rights under Article 2A (508-522) of the UCC.

13. UCC FILINGS: You grant us a security interest in the equipment if this agreement is deemed a secured transaction and you authorize us to record a UCC-1 financing statement or similar instrument, and appoint us your attorney-in-fact to execute and deliver such instrument, in order to show our interest in the Equipment.

14. SECURITY DEPOSIT: The security deposit, if any, is payable upon execution and non interest-bearing and is to secure your performance under this Agreement. Any security deposit made may be applied by us to satisfy any amount owed by you, in which event you will promptly restore the security deposit to its full amount as set forth above. If all conditions herein are fully complied with and provided you have not ever been in default of this Agreement per paragraph 12, the security deposit will be refunded to you after the return of the equipment in accordance with paragraph 6.

15. LAW: This lease shall be deemed fully executed and performed in the State of California or in the home state of whoever holds the Lessor's interest as it may be assigned from time to time per paragraph 11. This lease shall be governed by and construed in accordance with the laws of the State of California or the laws of the home state of Lessor's assignee. You expressly and unconditionally consent to the jurisdiction and venue of any court in the State of California and waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment. Furthermore, you waive the defense of Forum Non Conveniens.

16. LESSEE GUARANTY: You agree to submit the original master lease documents with the security deposit to Lessor or its assignee via overnight courier the same day of the facsimile transmission of the lease documents. Should we fail to receive these originals, you agree to be bound by the faxed copy of this agreement with appropriate signatures on the document. Lessee waives the right to challenge in court the authenticity of a faxed copy of this agreement and the faxed copy shall be considered the original and shall be the binding agreement for the purposes of any enforcement action under paragraph 12.

X _____    Junior H. Philpot            Owner
SIGNATURE                            NAME                         TITLE

alease5.dot

25269-4

```
Label Matrix for local noticing          Recovery Management Systems Corporation    United States Bankruptcy Court
0648-1                                   25 SE 2nd Avenue Suite 1120                221 East Fourth Street, Suite 800
Case 1:08-bk-12290                       Miami, Fl 33131-1605                       Cincinnati, OH 45202-4120
Southern District of Ohio
Cincinnati
Wed Nov 10 17:15:50 EST 2010

Amerifirst Home Improvement Finance      Asst US Trustee (Cin)                      Bank of America
1405 South 96th Street                   Office of the US Trustee                   820 Silver Lake Blvd
Omaha, NE 68127-1210                     36 East Seventh Street                     Dover, DE 19904-2464
                                         Suite 2050
                                         Cincinnati, OH 45202-4434

Bank of America                          CNH Capital America LLC                    CNH Captial
P.O. Box 150226                          PO Box 3600                                P.O. Box 7247-0170
Wilmington, DE 19850-5026                Lancaster PA 17604-3600                    Philadelphia, PA 19170-0001


Children's Hospital                      Countrywide Home Loans                     Countrywide Home Loans
P.O. Box 20010                           4500 Park Granada                          P.O. Box 660694
Cincinnati, OH 45220-0010                Calabasas, CA 91302-1613                   Dallas, TX 75266-0694


Duke Energy                              Fessler, Schneider & Grimme                Fia Card Services, NA/Bank of America
P.O. Box 9001084                         14 North Grand Avenue                      by American InfoSource LP as its agent
Louisville, KY 40290-1084                Fort Thomas, KY 41075-1851                 PO Box 248809
                                                                                    Oklahoma City, OK  73124-8809


GE Money Bank                            Huntington National Bank                   Huntington National Bank
Lowe's                                   P.O. Box 182519                            Po Box 89424
P.O. Box 530914                          Columbus, OH 43218-2519                    Cleveland OH 44101-6424
Atlanta, GA 30353-0914


(p)INTERNAL REVENUE SERVICE              Lisa Roselli                               National City Bank
CENTRALIZED INSOLVENCY OPERATIONS        4712 Tealtown Road                         Commercial Services
PO BOX 21126                             Milford, OH 45150-9578                     P.O. Box 1030
PHILADELPHIA PA 19114-0326                                                          Oshtemo, MI 49077-1030


National City Bank                       Ohio Department of Taxation                Patricia H. Philpot
P.O. Box 400177                          P.O. Box 16560                             4130 Mount Carmel Tobasco Road
Pittsburgh, PA 15268-0177                Columbus, OH 43216-6560                    Cincinnati, OH 45255-3421


(p)PENTECH FINANCIAL SERVICES INC        Pentech Finanical                          Recovery Management Systems Corporation
340 E HACIENDA AVE                       P.O. Box 712320                            25 S.E. 2nd Avenue, Suite 1120
STE 100                                  Cincinnati, OH 45271-2320                  Miami, FL 33131-1605
CAMPBELL CA 95008-6617


Robert Trainor, Esq.                     Shirley Philpot                            Timothy E. McKay, Esq.
The Carroll House                        4298 Brisco Court                          35 East Seventh Street
116 East Fourth Street                   Cincinnati, OH 45244-2310                  Suite 400
Covington, KY 41011-1759                                                            Cincinnati, OH 45202-2476
```